IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP WASHINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-5251 |
| | : | |
| KEVIN KAUFFMAN, et al. | : | |

### ORDER

AND NOW, this 16th day of September, 2016, upon careful and independent consideration of Petitioner Philip Washington's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after de novo review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Washington's objections thereto, it is ORDERED:

1. Washington's objections (Document 23) are OVERRULED[1];

---

[1] In his habeas petition, Washington raises six claims of ineffective assistance of counsel and one claim that the cumulative errors of counsel prejudiced the defense. On January 15, 2015, Judge Hey issued a Report and Recommendation, which thoroughly addresses each of Washington's claims and recommends his petition be denied. Washington filed objections to the Report and Recommendation, raising seven grounds pertaining to each of his seven claims. After independent consideration of Washington's arguments, the Court agrees with Judge Hey's conclusions, but will address one of Washington's objections to provide additional clarification.

Washington objects to Judge Hey's conclusion that trial counsel was not ineffective for failing to object to the prosecutor's remarks during closing argument, which, Washington contends, improperly expressed the prosecutor's personal opinion concerning witness credibility. Federal habeas relief may be granted when prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Werts v. Vaughn*, 228 F.3d 178, 198 (3d Cir. 2000) (citation and internal quotation marks omitted). Vouching, a type of prosecutorial misconduct, "constitutes an assurance by the prosecuting attorney of the credibility of a government witness through personal knowledge or by other information outside of the testimony before the jury." *Lam v. Kelchner*, 304 F.3d 256, 271 (3d Cir. 2002). For vouching to occur, two criteria must be met: (1) the prosecutor assured the jury the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge or other information not before the jury. *Id.*

Washington argues four statements the prosecutor made during closing argument constituted impermissible vouching and were prejudicial. Hab. Pet. at 4-6. Judge Hey addressed three out of the four statements and concluded they did not constitute impermissible vouching. She further concluded that even if the prosecutor's statements were improper, Washington cannot establish prejudice given the overwhelming evidence of guilt.

    2.      The Report and Recommendation (Document 18) is APPROVED and ADOPTED;

    3.      Washington's Petition for Writ of Habeas Corpus (Document 1) is DENIED; and

    4.      There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability.

---

       The Court agrees with Judge Hey's conclusion. However, Washington's objection to Judge Hey's analysis of one statement warrants further consideration. Washington challenges the prosecutor's statement comparing the state's expert, psychiatrist Barbara Ziv, and defense expert, psychologist Gerald Cooke:
> Psychosis is treated medically. That's what a psychiatrist does, so whether it's 40 years or eight years of forensic experience, which only means in a legal field, eight years of psychiatrist experience is worth more than 40 years of psychologist experience when it comes to psychosis, because it's a medically-treated diagnosis.

N.T. 3/6/08 at 487-88. Judge Hey concluded the prosecutor's comments, in response to defense counsel's suggestion to the jury that Dr. Cook "was making more sense," permissibly compared the experts' credentials. R&R at 17-18 (quoting N.T. 3/6/08 at 470). Washington argues the prosecutor was not qualified to make that comparison, and his response was not "invited by the defense." Pet'r's Objections at 2. Although the prosecutor did more than compare the experts' credentials by commenting on their value, it was not unreasonable for the Superior Court to find the prosecutor made reasonable inferences and argument. *See United States v. Clouden*, 534 F. App'x 117, 123 (3d Cir. 2013) (finding prosecutor did not improperly bolster lay witness testimony by stating "a nonexpert may even be more qualified than an expert," because statement did not improperly vouch for witness's credibility and was invited by defense challenge of witness testimony); *Duckett v. Mullin*, 306 F.3d 982, 989 (10th Cir. 2002) (finding state court's conclusion of no prosecutorial misconduct not unreasonable where prosecutor characterized defense expert as a "clinician, essentially a counselor . . . not trained as a scholar or a statistician . . . [or] a very good test interpreter" (citation and internal quotation marks omitted)). Furthermore, the prosecutor's statement did not result in a fundamentally unfair trial. *See Werts*, 228 F.3d at 198.

      Washington further objects to Judge Hey's failure to address a fourth statement in which the prosecutor vouched for the credibility of Dr. Ziv: "Don't be fooled, Dr. Ziv did not come in here and lie to you. She is an expert and can be relied upon." Pet'r's Objections at 2-3 (citing N.T. 488-89). The prosecutor's characterization of Dr. Ziv as credible did not constitute impermissible vouching because it was based on her qualifications established at trial and not on the prosecutor's personal knowledge. *See Vitillo*, 490 F.3d at 327; *Duckett*, 306 F.3d at 989 (noting prosecutors "may comment on the veracity of . . . expert witnesses").

      As to Washington's remaining objections, upon de novo review, this Court agrees with Judge Hey's analysis and proposed disposition of each of his claims. Therefore, Washington's objections are overruled for the reasons stated in the Report and Recommendation.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez

Juan R. Sánchez, J.